UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD W. GRUEBER                                        CIVIL ACTION

VERSUS                                                   NO. 11-1135

MICHAEL J. ASTRUE, COMMISSIONER                          SECTION "B" (3)
SOCIAL SECURITY ADMINISTRATION

REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.   BACKGROUND

Plaintiff filed an application for DIB on March 29, 2007, later amending the disability onset date to April 1, 2007. (Adm. Rec. at 170-71, 235). Plaintiff alleged disability due to flat feet, lower back pain and depression. (*Id.* at 200). Plaintiff was 61-years old at the time of the alleged onset date of disability. (*Id.* at 170). Plaintiff has a high school education and past relevant work as a truck driver (route sales) and a food service-industrial food salesman. (*Id.* at 20, 59, 203).

Plaintiff's application was denied at the initial level on April 27, 2007. (*Id.* at 108-11).

Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ") on July 2, 2007. (*Id.* at 112). ALJ Philip McLeod held a hearing on May 19, 2008 at which plaintiff appeared and was represented by counsel. (*Id.* at 26-51).

In a decision dated July 10, 2008, the ALJ denied benefits to plaintiff. (*Id.* at 97-104). Plaintiff filed a request for review with the Appeals Council. (*Id.* at 142). On April 22, 2009, the Appeals Council remanded the case and directed the ALJ to obtain testimony from a vocational expert ("VE"). (*Id.* at 106-07). The ALJ held a supplemental hearing on October 19, 2009 at which VE Deborah Bailey testified. (*Id.* at 52-91). Bailey testified that plaintiff's work as a truck driver (route sales) was medium skilled work, and his work as a sales representative, food products was light skilled work. (*Id.* at 59). Bailey testified that plaintiff has not acquired transferable skills to other jobs that exist in significant numbers that would involve very little or no vocational adjustment. (*Id.* at 61, 75).

In a decision dated December 15, 2009, the ALJ again denied benefits. (*Id.* at 14-22). The ALJ determined that plaintiff's peripheral vascular disease with occlusion of the left iliac artery was a severe impairment but that it did not meet or medically equal a listed impairment. (*Id.* at 16-17). The ALJ further found that plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work. (*Id.* at 18). The ALJ found plaintiff not disabled at step four of the sequential evaluation, concluding that plaintiff could perform his past relevant work as a food service-industrial food salesman. (*Id.* at 20).

Plaintiff timely asked the Appeals Council to review the ALJ's unfavorable decision. (*Id.* at 9). On March 15, 2011, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-4).

As a result of the Appeals Council's denial of plaintiff's request for review, the ALJ's December 15, 2009 decision denying plaintiff's claims for benefits became the Commissioner's final decision for purposes of judicial review. Plaintiff now seeks judicial review under 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel,* 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other

conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

### III.    ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant, such as the plaintiff, is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901 t - 416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents

4

a person from engaging in any substantial gainful activity. *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 239 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## IV. ISSUE ON APPEAL

There is one issue on appeal:

(1) Whether substantial evidence supports the ALJ's determination that plaintiff was not disabled during the relevant time period because he could perform his past relevant work.

## V. ANALYSIS

**1. Whether substantial evidence supports the ALJ's determination that plaintiff was not disabled during the relevant time period because he could perform his past relevant work.**

Plaintiff contends that the ALJ erred when he found plaintiff not disabled at step four of the sequential evaluation when he determined that plaintiff can perform his past relevant work as a food service-industrial food salesman. Specifically, the ALJ concluded that "[a]fter careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform a reduced range of light work." (Adm. Rec. at 18). The ALJ assessed an RFC for a reduced range of light work with up to 20 pounds of lifting and carrying occasionally and ten pounds frequently and standing and/or walking for a total of four hours in an eight-hour workday. (*Id.*). The ALJ also held that plaintiff's past relevant work as a food-service industrial food salesman, "as it is defined in the Dictionary of Occupational Titles, does not require the performance

of work-related activities precluded by the residual functional capacity." (*Id.*).

The Court finds that substantial evidence supports the ALJ's RFC assessment and his conclusion that plaintiff can perform his past relevant work as a food service-industrial food salesman. In particular, the ALJ outlined the reasons underlying his assessment, relying heavily on the opinion of plaintiff's treating physician, Dr. Rene Louapre. On April 2, 2007, plaintiff presented to Loaupre for an annual examination. Louapre noted that plaintiff reported that he could not walk more than two blocks due to hip pain. (*Id.* at 309). Plaintiff also reported numbness in his left thigh. (*Id.*). Louapre diagnosed plaintiff with peripheral vascular disease. (*Id.* at 284). On April 23, 2007, a bilateral lower extremity ultrasound confirmed Louapre's diagnosis of peripheral vascular disease. (*Id.* at 277).

On May 1, 2007, plaintiff underwent an abdominal aorta CT angiogram that revealed occlusion of the left external iliac artery beginning at its origin with reconstitution of the left common femoral artery through collaterals. (*Id.* at 273). The angiogram revealed no evidence of stenotic disease of the left leg. (*Id.*). At a follow-up visit with Louapre on May 21, 2007, plaintiff complained of headaches, irregular heart beat, thickening of the saliva, a tingling sensation in his teeth and swelling of the feet. (*Id.* at 298). Louapre noted that "HE IS STILL SMOKING!!!!!!!" (*Id.*). Louapre's comments in his assessment reveal that he was skeptical of plaintiff's complaints: "CONFABULATOR! ALWAYS AN EXCUSE. HE NEEDS TO GET HIS CHOLESTEROL AND GET OFF THE CIGARETTES." (*Id.*).

As the Commissioner correctly notes, the record reveals that plaintiff also failed to follow Louapre's treatment recommendations. After a December 27, 2007 visit, Louapre noted that

plaintiff was still smoking and still not exercising. (*Id.* at 292). On April 19, 2008, Louapre noted that smoking was worsening his peripheral vascular disease. (*Id.* at 330). In response to one of plaintiff's own interrogatories, Louapre noted that plaintiff refused to stop smoking and to take medication to lower his cholesterol. (*Id.* at 19, 335). The ALJ noted that plaintiff continued to take only non-prescription, herbal medication despite Louapre's admonition that the supplements did not constitute proper treatment. (*Id.* at 19, 331). Louapre noted that plaintiff was trying all of the unproven health food remedies to open up his circulation. (*Id.* at 294).

> After reviewing the record, and especially the evidence of Louapre, the ALJ noted:
>
> Dr. Louapre completed an interrogatory at counsel's request in March 2008. He indicated that claudication continued, but claimant "refuses to stop smoking or to take cholesterol lowering medication." He did not limit claimant from lifting or carrying, but found that claudication occurred with walking. He found that claimant's impairment did not affect his ability to sustain concentration and/or persistence and pace in a work setting. The last question on the interrogatory requests medical opinion on the issue of full-time work. Dr. Louapre's only response was that claimant was limited in his ability to walk.

(*Id.* at 19). While plaintiff points to numerous instances in the record where he reported pain during walking, an inability to stand or to walk longer than ten to 15 minutes, and the ability to remain on his feet for only three hours in an eight-hour workday (*see id.* at 36-37, 38, 81, 281, 309), the Court finds that the evidence in the record of plaintiff's own treating physician supports the ALJ's finding of no disability and his RFC assessment. It is not the Court's duty to re-weigh the evidence. *Carey*, 230 F.3d at 135. If substantial evidence supports the ALJ's conclusion, the Court must affirm it.

In addition, and as noted, the ALJ obtained testimony from a VE, Deborah Bailey, to determine whether plaintiff could perform his past work if he had an RFC for a limited range of light

work. The ALJ asked Bailey if plaintiff could perform his past relevant work with the RFC that the ALJ had assessed if plaintiff avoided standing and walking for more than four hours in an eight-hour workday in 20 to 30 minute increments. (*Id.* at 61). Bailey testified that plaintiff's work as a truck driver (route sales) would be eliminated with the RFC. (*Id.* at 62). Bailey also stated that plaintiff could perform his past relevant work as a food service-industrial food salesman as the job is performed in the national economy. (*Id.* at 62-64).

Plaintiff notes that Bailey testified only that plaintiff could perform his past relevant work *as it is performed in the national economy* but that it would be entirely possible that plaintiff's past relevant work would require the ability to stand and work longer than 20 to 30 minutes at one time, depending on the job and the work location. (*Id.* at 65). Plaintiff contends that the ALJ ignored this testimony because it established that the performance of plaintiff's past relevant work may be difficult in many instances.

This argument is without merit. As the Commissioner points out, Social Security Ruling ("SSR") 82-61 provides three tests to determine whether a claimant can perform his past relevant work: (1) Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packaging job," etc.; (2) Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it; or (3) Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy. SSR 82-61. Here, the ALJ properly relied on the third test, finding that plaintiff retains the capacity to perform the functional demands and job

duties of the job as it is performed in the national economy. (Adm. Rec. at 20). That is proper under SSR 82-61.

Plaintiff also argues that the ALJ's hypothetical question to Bailey whether plaintiff would be able to perform past relevant work did not incorporate all of plaintiff's limitations. Plaintiff argues that Bailey's testimony that a hypothetical inability to carry more than ten pounds would substantially erode the number of food sales representative jobs in the national economy. (*Id.* at 68, 82-83). However, and as the Commissioner correctly notes, the number of jobs that exist in the national economy are irrelevant to step four of the sequential evaluation. *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003) ("As the above description shows, step four can result in a determination of no disability without inquiry into whether the claimant's previous work exists in the national economy; the regulations explicitly reserve inquiry into the national economy for step five."). Here, the ALJ determined plaintiff not disabled at step four. Thus, this inquiry is irrelevant.

Plaintiff also contends that the ALJ ignored his own modifications – and those of others – to the hypothetical question. First, plaintiff asserts that the ALJ ignored Bailey's testimony – based on the ALJ's own modification – that plaintiff's hypothetical inability to carry ten pounds would make light work "very difficult." However, this is of no moment. Plaintiff cites the Court to no objective medical evidence that would support a limitation on lifting and/or carrying. Indeed, plaintiff's own treating physician Louapre never placed such a restriction on plaintiff. (Adm. Rec. 335-36). Louapre's only limitation concerned plaintiff's ability to walk. (*Id.* at 336).

Lastly, plaintiff notes that the ALJ modified his original hypothetical to restrict all lifting and/or carrying to only occasionally or, in other words, to up to one-third of the workday. (*Id.* at

10

84). Bailey testified that this restriction would eliminate light work. (*Id.*). As noted above, however, there is no objective medical evidence in the record of any physician, including plaintiff's treating physician, restricting his lifting and/or carrying at all. Moreover, the ALJ never included this restriction in his RFC. He concluded that plaintiff can perform a limited range of light work and should avoid standing and walking for more than four hours in an eight-hour workday in 20 to 30 minute increments. (*Id.* at 18). The ALJ noted that given the limitations in plaintiff's RFC, Bailey testified that he "would be able to perform work as a food sales representative because there is alternating of sitting and standing and the job is described as exertionally light . . . ." (*Id.* at 20). The Court has already found that substantial evidence supports the ALJ's findings here, and an ALJ is never bound by modifications to a hypothetical question that are unsupported by the medical evidence in the record. *Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985).

Citing *Bowling v. Shalala*, 36 F.3d 431, 435-36 (5th Cir. 1994), plaintiff argues that "a hypothetical question (RFC) used by an ALJ to effectuate a denial must reasonably incorporate all disabilities recognized by the ALJ." (Pl.'s Mem. Supp. Mot. Summ. J. at p. 7). *Bowling* is inapposite. There, the ALJ determined that the plaintiff was not disabled at step five of the sequential evaluation, and the ALJ determined non-disability based on the defective hypothetical question. 36 F.3d at 435-36. Here, however, the ALJ did not conclude that plaintiff was disabled based on the hypothetical question or the modifications thereto: He concluded that plaintiff was not disabled based on the objective medical evidence in the record. Even the *Bowling* court recognized that "[u]nless there is record evidence to adequately support [assumptions made by a vocational expert], the opinion expressed by the vocational expert is meaningless." *Id.* at 436 (citing *Gallant*

11

*v. Heckler*, 753 F.2d 1450, 1456 (0th Cir. 1984) (alterations in original)). Having reviewed the record and finding that substantial evidence supports the ALJ's RFC assessment, the Court finds that no objective medical evidence in the record here supported reliance on the hypothetical questions posed to Bailey. For example, and as noted above, no evidence in the record supported a restriction on plaintiff's lifting and/or carrying, and thus, no evidence can support a hypothetical based on such a restriction. Accordingly, this argument is without merit.

**VI.   CONCLUSION**

Plaintiff has failed to demonstrate that substantial evidence does not support the ALJ's conclusion that he is not disabled and can perform his past relevant work as a food service-industrial food salesman as that job is performed in the national economy. Accordingly,

**IT IS RECOMMENDED** that the plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's Cross-Motion be GRANTED and that plaintiff's complaint be DISMISSED WITH PREJUDICE.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 10th day of February, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**