```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

RONALD W. GRUEBER                             CIVIL ACTION

VERSUS                                        NO. 11-1135

MICHAEL J. ASTRUE, COMMISSIONER,              SECTION "B"(3)
SOCIAL SECURITY ADMINISTRATION
```

## ORDER AND REASONS

All parties have filed cross-motions for summary judgment. (Rec. Doc. Nos. 13 & 14). The Magistrate Judge issued a Report and Recommendation to deny Plaintiff's motion and grant Defendant's motion for summary judgment. (Rec. Doc. No. 15). Plaintiff's objections to that recommendation are now before the Court for resolution. (Rec. Doc. No. 16).

For the reasons articulated below,

**IT IS ORDERED** that Plaintiff's objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**, and the Magistrate Judge's Report and Recommendation are adopted as the Court's opinion, dismissing Plaintiff's Complaint.[1]

Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act (SSA) on March 29, 2007. (Adm. Rec. at 170-71). At the time of application, Plaintiff was sixty-one years old. *Id.* at 170. He has a high school education, and his past relevant work included working as a truck driver and as a food service-industrial food salesman. *Id.* at 20,

---

[1] We are grateful for the work on this case by Elizabeth Etherton, a Tulane Law School extern with our chambers.

59, 203. His alleged disabilities included flat feet, lower back pain, and depression. *Id.* at 200.

Plaintiff's application was initially denied on April 27, 2007. *Id.* at 108-11. On July 2, 2007, he filed a timely request for a hearing before an Administrative Law Judge (ALJ). *Id.* at 112. After a hearing before on May 19, 2008, the ALJ denied benefits to Plaintiff. *Id.* at 26-51, 97-104. Next, Plaintiff requested review of the ALJ decision with the Appeals Counsel. *Id.* at 142. The Appeals Counsel remanded this case to the ALJ, directing the ALJ to obtain testimony from a vocational expert regarding Plaintiff's request. *Id.* at 106-07. On October 19, 2009, the ALJ held a supplemental hearing to hear the testimony of vocational expert Deborah Bailey. *Id.* at 52-91. She asserted "that plaintiff's work as a truck driver (route sales) was medium skilled work, and his work as a sales representative, food products[,] was light skilled work." (Rec. Doc. No. 15 at 2 (citing Adm. Rec. at 59)). Further, Bailey testified that Plaintiff had no transferable skills to available jobs unless there was some sort of vocational adjustment. (Adm. Rec. at 61, 75).

On December 15, 2009, the ALJ again denied Plaintiff benefits, taking into account Bailey's testimony. *Id.* at 14-22. The ALJ made three separate findings regarding Bailey's eligibility for DIB. First, the ALJ "determined that [P]laintiff's peripheral vascular disease with occlusion of the left iliac artery was a severe

impairment but that it did not meet or medically equal a listed impairment." (Rec. Doc. No. 15 at 2 (citing Adm. Rec. at 16-17)). Second, the ALJ "found that [P]laintiff had the residual functional capacity (RFC) to perform a reduced range of light work." *Id.* (citing Adm. Rec. at 18). Third, the ALJ found that Plaintiff was not disabled under Step 4 of the SSA sequential evaluation used to determine disability and ultimately concluded that he "could perform his past relevant work as a food service-industrial food salesman." *Id.* (citing Adm. Rec. at 20).

Plaintiff again requested review of the ALJ decision by the Appeals Counsel. (Adm. Rec. at 9). The Appeals Counsel denied his request for review on March 15, 2011. *Id.* at 1-4.  Due to the Appeals Counsel denial, the December 15, 2009 decision "denying plaintiff's claims for benefits became the Commissioner's final decision for purposes of judicial review." (Rec. Doc. No. 15 at 3). Plaintiff filed suit with this Court on May 13, 2011, requesting review of the ALJ decision under Section 216(i) of the SSA, Section 223 of the SSA, and any other applicable section of the SSA. (Rec. Doc. No. 1 at 1-2). On September 27, 2011, Plaintiff requested Summary Judgment, claiming that there was no genuine issue of material fact. (Rec. Doc. No. 12). In response, the Commissioner filed a cross-motion for Summary Judgment on November 10, 2011. (Rec. Doc. No. 14).

The Magistrate Judge issued his Report and Recommendation on

February 10, 2012, recommending that Plaintiff's Motion for Summary Judgment be denied, that the Commissioner's cross-motion be granted, and the instant case be dismissed with prejudice by this Court. (Rec. Doc. No. 15). Plaintiff filed the instant Objections to Magistrate's Report and Recommendations on February 24, 2012. (Rec. Doc. No. 16).

Specifically, Plaintiff argues that the Magistrate Judge incorrectly relied on the ALJ's findings that Plaintiff could continue to do light work. *Id.* at 1. He claims that there was substantial evidence to support a finding that he could not continue to perform his past relevant work as a food sales representative. *Id.* He asserts that both medical and vocational evidence was presented that contradicts the ALJ's finding of Plaintiff's RFC with regard to frequent lifting and carrying; as a result of this evidence, Plaintiff requests that the ALJ's decision be reversed and remanded for determination of disability. *Id.* at 5.

The United States Code states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive" when being reviewed by a district court. 42 U.S.C. § 405(g) (2006). The Fifth Circuit has consistently affirmed a Commissioner's determination unless a court finds that the ALJ applied an incorrect legal standard or that the ALJ's determination is not supported by substantial evidence. *See, e.g.*, *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Brown v.*

*Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

With regards to "substantial evidence" claims brought under the SSA, the Supreme Court defined this standard as more than a mere scintilla. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 301 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has applied this ruling to hold that "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001)(quoting *Harris v. Apfel*, 209 F.23d 413, 417 (5th Cir. 2000)).

A district court is not permitted to try issues *de novo*, to re-weigh the presented evidence, or to substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555. If there is conflicting evidence, a district court should presume that it was resolved by the Commissioner. *Brown*, 192 F.3d at 496; *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

The ALJ concluded that "[a]fter careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform a reduced range of light work." (Adm. Rec. at 18). As a result of this

finding, Plaintiff was denied disability insurance benefits under the SSA.[2] (Rec. Doc. No. 15 at 1). The Magistrate Judge found that this determination was supported by substantial evidence. (Rec. Doc. No. 15 at 7). The Magistrate Judge noted that the ALJ outlined multiple reasons for this assessment and relied on medical evidence presented by Plaintiff's treating physician. *Id.* Additionally, the ALJ relied on Bailey, a vocational expert, who testified that Plaintiff "could perform his past relevant work as a food service-industrial food salesman as the job is performed in the national economy." (Adm. Rec. at 62-64). Given that it is not this Court's job to re-weigh evidence, and the relevant ALJ decision is supported by substantial evidence, this Court must uphold it.

## CONCLUSION

**IT IS ORDERED** that Petitioner's Objections to the Magistrate's Report be overruled and that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 12th day of April, 2012.

_____

---

[2] Under the SSA, a claimant is only considered disabled if a physical or mental impairment is so severe that the claimant is unable to do substantial gainful work, not limited to claimant's previous work. 42 U.S.C. § 1382 (a)(3)(B) (2006). This substantial gainful work only has to exist in significant numbers in the national economy; the SSA does not require that work exists in the area where the claimant resides, whether a specific job vacancy exists, or whether claimant would be hired. *Id.*

UNITED STATES DISTRICT JUDGE